Reese, J.
delivered the opinion of the court.
The wife of the complainant in her lifetime was the owner in fee of a tract of land. Upon this tract the husband made considerable improvements, adding to the value of the estate. *418 The wife died without giving birth to a child; so the complainant did not become tenant by the courtesy.
He files this bill against the defendants, the heirs at law of the .wife, to be allowed, and to obtain a decree for the amount of amelioration upon the estate made,by him.
The counsel for the complainant insists that he is entitled to it upon principles of natural and general equity, as having conferred upon the defendants a benefit which they ought not, in conscience, to receive and enjoy without remuneration. He argues, that if the improvement had been made upon the lands of any other owner than a wife, with the contract, consent and acquiescence of the. owner — or if even a wife had a trustee, by contract with such trustee — then his claims for compensation would be maintainable, as falling within the principle of decided cases: and that the sustaining principle of such cases applies also to this, namely, that it is against conscience for the owner to receive and enjoy a substantial benefit, created Iona fide at the expense of another, without remunerating him for such expense.
Without enquiring to what extent, or upon what principle compensation would be allowed, or whether in some of the supposed cases it would be allowed at all, we remark that this case differs from the others above stated, in the controlling fact that the wife could make no contract, could give no consent, could be affected by no acquiescence; because, by an elementary principle of the common law, which a court of chancery cannot abrogate, the legal existence of, the wife is merged in, and incorporated with that of the husband.
It results from this principle, that if the husband wish to improve the real estate of the wife before he is tenant by the courtesy initiate, he must risk the continuance of her existence or the birth of a child, to indemnify him for his expenditure.
The Chancellor’s decree sustaining the defendant’s demurrer and dismissing the bill, must be affirmed.